875 F.2d 865
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul R. McABEE, Gloria Faye McAbee, Plaintiffs-Appellees,
v.
THE OVERHEAD DOOR CORPORATION, d/b/a TODCO, Defendant-Appellant,
Joe Cunha, d/b/a Cunha Products, Defendant.
 No. 88-5405.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1989.
 
 Before BOYCE F. MARTIN, Jr., and MILBURN, Circuit Judges, and BARBARA K. HACKETT,* District Judge.
 PER CURIAM.
 
 
 1
 TODCO appeals the jury verdict for McAbee in this diversity products liability action on the basis that the district court committed error 1) by failing to instruct the jury in accordance with TODCO's specific jury instruction request with regard to the "sophisticated user" exception to liability, 2) by failing to direct a verdict in favor of TODCO on McAbee's failure to warn and improper instructions claim, and 3) by not granting a new trial for McAbee's allegedly improper and unfairly prejudicial closing arguments.
 
 
 2
 In this product liability action, Paul R. McAbee, a truck driver employed by Roadway Express, severely injured his back in February, 1975, while attempting to hook up, on a graveled terminal lot, a Jifflox converter dolly manufactured by TODCO Division of Overhead Door Corporation. A Jifflox converter dolly is a large two-wheeled dolly used in the trucking industry. It may be attached to the rear portion of a tractor in a tractor-trailer assembly to serve as a third axle, or it may be used to hook together two trailers so that they may be pulled in tandem by a single tractor.
 
 
 3
 A magistrate appointed by the district court to determine all pre-trial matters, including defendant's motions for partial summary judgment, adopted the defendant TODCO's statement of facts. The Jifflox weighs almost 3000 pounds and was designed to be operated by one man. In hooking up doubles using the Jifflox, the user must manually move the Jifflox at least two or three inches. The designer placed no handholds on the tongue of the Jifflox and placed no counter-weight on the Jifflox. So long as the user was attempting to hook up doubles on a level, smooth surface such as asphalt, the user could succeed. Neither the designer nor the manufacturer had ever performed any safety tests, including human factors testing, on the Jifflox except for on the job experiences of its customers. The design and manufacture did not comply with any safety standards in developing the product and they had no safety engineer. The instructions for use and operation of the Jifflox do not instruct or warn the user/operator of any special hazards which might be encountered on terrain other than a smooth asphalt surface, such as gravel surfaced terminal areas or hilly terrain. Upon investigation of complaints about the Jifflox, the National Highway Traffic Safety Authority found the Jifflox to be defective and requested in November, 1986 that the defendant issue a recall of the dollies.
 
 
 4
 In February, 1986, Paul McAbee and his wife, Gloria McAbee, filed a complaint against TODCO, based on strict liability, negligence, breach of express and implied warranties, failure to warn and loss of consortium and asking for compensatory and punitive damages. The case was tried beginning on August 10, 1987. During the trial, the district court granted TODCO's motions for directed verdicts on the express warranty and punitive damages claims. The court charged the jury on August 26, 1987. Following its deliberations, the jury returned a verdict in favor of Paul McAbee in the amount of $1,500,000 and in favor of Gloria McAbee in the amount of $50,000.
 
 
 5
 On September 1, 1987, the district court entered a judgment in accordance with the jury verdict. The district court stated in its memorandum of March 4, 1988 that the "sophisticated user" exception to liability presented by TODCO, which states that a defendant's duty to warn the ultimate users, i.e., the employees who actually use that piece of equipment as opposed to the employer that purchases the item, did not apply in Tennessee. The district court concluded, therefore, that no sophisticated user instruction, as requested by TODCO, was required. We agree.
 
 
 6
 Tennessee has adopted neither the sophisticated user nor learned intermediary doctrine and, therefore, the district court did not err in refusing to instruct the jury on these doctrines. Even if the instruction were in error, the general verdict must stand because several alternative theories of liability were submitted to the jury free of error. The failure to warn and improper instructions claim was only one basis on which the jury could have held TODCO liable in the instant case. The others include 1) the dropleg on the Jifflox was defective and/or unreasonably dangerous, 2) the weight and unwieldiness of the Jifflox made its defective and unreasonably dangerous, 3) the Jifflox was defective and/or unreasonably dangerous because it had no handholds. See Tenn.Code Ann. Sec. 20-9-502 (1987) (providing that if any counts in a declaration are good, a jury verdict shall be applied to such counts); Adkins v. Ford Motor Company, 446 F.2d 1105, 1108 (6th Cir.1971) where the Sixth Circuit stated, "Tennessee adheres to the rule that ... a general verdict should be construed to be attributable to the theory or theories supported by sufficient evidence and submitted free from error.") See also Watts v. Mack Truck, Inc., F.2d 601, 602 (6th Cir.1974) (where the Sixth Circuit construed a general verdict the same as the Tennessee courts.)
 
 
 7
 The district court also correctly found that McAbee's failure to warn and improper instructions claim was properly submitted to the jury. McAbee presented evidence at trial from which reasonable minds could have found that TODCO failed to warn McAbee properly of the dangers of the Jifflox.
 
 
 8
 Finally, the district court correctly stated that certain references by McAbee in his closing argument that "this was a case of human dignity versus corporate profit," constituted harmless, not reversible error. Although the district court stated that this reference by McAbee was unwarranted, the court concluded that there was no "reasonable probability that the verdict of the jury was influenced by these remarks. The objectionable references were not repeated frequently and defense counsel made no objection to them."
 
 
 9
 We affirm the district court. Even if the State of Tennessee were to adopt the sophisticated user doctrine relied on by TODCO, which it has not, even if Roadway were to be a sophisticated user, and even if TODCO, under the sophisticated user doctrine, could rely totally on Roadway to warn Roadway's employees and have no duty itself to warn the employees of its dangerous product, all these go to the question of failure to warn as a basis for negligence and strict liability. However, in the instant case, there were several other basis for liability imposed upon TODCO apart from a mere failure to warn. This court has stated that under Tennessee law if a general verdict can rest upon one good count then a count that was in error should not require reversal of the jury verdict and a new trial.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation